**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George H. Larson, | No. CV-10-185-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| United Natural Foods West, Inc., | |
| Defendant. | |

Pending before the Court is Plaintiff George H. Larson's motion to remand (Dkt. #19), Defendant United Natural Foods West, Inc.'s motion for summary judgment (Dkt. #1-2 at 182-189), and Larson's cross-motion for summary judgment (Dkt. #1-3 at 46-61). For reasons that follow, the Court will remand the case *sua sponte* for lack of subject matter jurisdiction. Because the case is being remanded, this Court will not rule on the motions for summary judgment.

**I.     Background.**

In July of 2009, Larson filed Case No. CV2009-052800 ("Case 1") against United in Maricopa County Superior Court, alleging state-law causes of action. Dkt. #1-1 at 4-19. Larson did not assert that the amount in controversy exceeded $75,000. *Id.* In December of 2009, Larson filed a second case against United in Maricopa County Superior Court, Case No. CV2009-055084 ( "Case 2"), alleging federal causes of action. Dkt. #1-6 at 4-12.

On January 15, 2010, Larson and United filed a stipulation that Case 1 and Case 2 could be consolidated pursuant to Arizona Rule of Civil Procedure 42(a). Dkt. #1-6 at 48. On January 27, 2010, United filed a notice of removal in Case 1 pursuant to 28 U.S.C.

1 § 1331, asserting that this Court had subject matter jurisdiction over both cases based on the consolidation and federal question jurisdiction. Dkt. #1 at 1. At the time, however, the Superior Court had not acted on the stipulation of consolidation. The Court consolidated the cases the next day, January 28, 2010. *See* Minute Entry, *Larson v. United Natural Foods West, Inc.*, No. CV2009-052800 (Feb. 1, 2010).

Larson seeks remand of Case 2 on the ground that United's notice of removal in Case 1 was insufficient to remove Case 2 because the cases had not been consolidated. Dkt. #19. Larson contends that removal of Case 1 was appropriate. *Id.* at 2.

**II. Analysis.**

**A. Legal Standard.**

Cases for which this Court has federal question jurisdiction under 28 U.S.C. § 1331 may be removed from state court pursuant to 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[D]efendant always has the burden of establishing that removal is proper." *Id.*

**B. Larson's Arguments.**

Larson argues that this Court should retain jurisdiction over Case 1 and remand Case 2 because United could not remove both cases through a notice filed only in Case 1. Dkt. #19 at 1-2. Case 1, however, states no federal claim, and neither party contends that diversity jurisdiction exists. The Court therefore lacks subject matter jurisdiction over Case 1. Case 2, as explained below, is not properly before the Court. The Court therefore will deny Larson's motion to retain Case 1 and remand Case 2. Dkt. #19.

**C. *Sua Sponte* Remand.**

United removed Case 1, which it believed was a consolidated action encompassing both Case 1 and Case 2, based on federal question jurisdiction. *See* 28 U.S.C. § 1331. At the time, however, Case 1 had not been consolidated with Case 2. *See* Minute Entry, *Larson*,

No. CV2009-052800 (Feb. 1, 2010). Arizona Rule of Civil Procedure 42(a) states that a consolidation is effected when the court "order[s] all the actions consolidated[.]" Ariz. R. Civ. P. 42(a). The operative event is the court order. Because Case 1 was removed before the Superior Court entered an order consolidating it with Case 2, the only action removed to this Court was Case 1. *See* Dkt. #1-1 at 4-19.

United argues that both cases were removed when the notice of removal was filed in Case 1 because the stipulation of January 15, 2010 was sufficient to consolidate the cases. The fact that the Superior Court had not yet issued an order is unimportant, United contends, because "[i]t is not the Superior Court's action to actually consolidate the cases that creates removal jurisdiction; it is the plaintiff's voluntary assertion that the cases may be consolidated that does so." Dkt. #21 at 3.

Under 28 U.S.C. § 1446(b), a defendant generally has 30 days from the receipt of the complaint to file a notice of removal. If the initial complaint is not removable, a defendant will have 30 days to file a notice of removal from the date that it receives a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). United argues that the stipulation of consolidation was such a "paper" and, as a result, that removal was proper and this Court has subject matter jurisdiction. *Id.* The Court disagrees.

As stated above, the stipulation did not have the legal effect of consolidating Case 1 and Case 2. At most, it put the Superior Court on notice that Case 1 and Case 2 might be consolidated, assuming the Superior Court granted the stipulation. United cites no legal authority to show that a stipulation to consolidate actually effects a consolidation under Arizona law. Rule 42(a) plainly requires a court order.

United cites *Morrison v. National Benefit Life Insurance Co.*, 889 F. Supp. 945 (S.D. Miss. 1995), in support of its argument. In *Morrison*, the plaintiff alleged damages of $49,000 and thereby precluded removal to federal court on diversity grounds. Shortly after the one-year period for removal had elapsed (*see* 28 U.S.C. 1446(b)), the plaintiff moved to amend the complaint to seek $2 million in damages even though no intervening events had

altered the nature of the plaintiff's claim. This appeared to be a blatant attempt by the plaintiff to prevent removal to federal court – pleading an amount of damages insufficient for removal, but then amending the damages claim as soon as removal was barred by the one-year limitation period. The district court sensibly held that plaintiff's motion to amend constituted notice of the amount of the claim. Nothing had changed in the case. The plaintiff's motion itself was sufficient to make clear that the amount in controversy exceeded the federal jurisdictional limit of $75,000. *Morrison* says nothing about the issue in this case – whether the parties' stipulation effected a consolidation of Case 1 and Case 2 before the Superior Court acted.

United also relies on *Harriman v. Liberian Maritime Corp.*, 204 F. Supp. 205 (D. Mass. 1962). The district court in *Harriman* held that the defendants first learned the plaintiff was claiming more damages than the amount needed for removal when they received the plaintiff's motion to amend the complaint to state a higher amount. That motion, the court held, was sufficient to "bring home to [the] defendants the fact that plaintiff had changed his claim and increased it to a sum in excess of the jurisdictional amount." *Id*. at 206-07. In this case, it was not the amount sought by Larson, but the actual consolidation of the cases, that arguably made both cases removable, and that consolidation required court action under Rule 42(a). Consolidation had not occurred when the removal papers were filed.

**III. Conclusion.**

When the notice of removal was filed in Case 1, no consolidation had occurred. The notice, therefore, was effective only in Case 1. Because the Court lacks subject matter jurisdiction over Case 1, the Court will remand this action to Superior Court *sua sponte*. *See* 28 U.S.C. § 1447(c); *see also Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003) ("Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand.").

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Dkt. #19) is **denied**.

2. The Clerk shall remand this action to Maricopa County Superior Court.

DATED this 13th day of April, 2010.

*David G. Campbell*
United States District Judge