**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George H. Larson, | No. CV-10-185-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| United Natural Foods West, Inc.; and Sysco Arizona, Inc., | |
| Defendants. | |

Plaintiff has filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 43. Defendant United Natural Foods West, Inc. has filed an opposition and a request for a continuance under Rule 56(f). Docs. 49. The parties also have filed multiple motions to strike and a motion to exceed page limits. Docs. 50, 64, 68, 70. The Court will grant the request for a continuance, deny the summary judgment motion without prejudice, and deny the other motions as moot.

Rule 56(f) grants the Court discretion to order a continuance to enable discovery to be undertaken by the party opposing summary judgment. Defendant states that it needs to conduct discovery in order to respond fully to Plaintiff's summary judgment motion. Doc. 49 at 15-17. Defendant has presented an affidavit of counsel describing the anticipated discovery and explaining why the facts sought may be material to issues raised on summary judgment. Doc. 51. Defendant clearly is entitled to relief under Rule 56(f). *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (district courts should grant a Rule 56(f) request "fairly freely"

where the summary judgment motion is filed early in the litigation); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment may be appropriate "after adequate time for discovery"). The Court will grant Defendant's Rule 56(f) request and deny Plaintiff's motion for partial summary judgment without prejudice.

The discovery period has now closed. Doc. 33 at 2. The parties shall file any summary judgment motions by the January 21, 2011 deadline. *Id.* at 4. The motions shall comply with Local Rule 7.2, including appropriate page limits, and the memoranda of law and statements of facts shall comply with the new version of Local Rule 56.1. That rule, effective December 1, 2010, requires, among other things, that the statement of facts "should include only those facts that the Court needs to decide the motion." LRCiv 56.1(a). "Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts." *Id.*

The motions to strike and motion to exceed page limits will be denied as moot. To avoid improper motions to strike in the future, however, the parties are directed to Local Rule 7.2(m). That rule provides that "[a]n objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's . . . response to another party's separate statement of facts[] and *not in a separate motion to strike or other separate filing*." LRCiv 7.2(m)(2) (emphasis added). Defendant's motion to strike certain of Plaintiff's statements of fact (Doc. 50), and Plaintiff's motion to strike the affidavit of Duane Lawson (Doc. 68), violate Local Rule 7.2(m). In short, the parties may object to, but shall not move to strike, evidence they believe to be inadmissible.

Plaintiff's supplemental statement of facts (Doc. 62) also runs afoul of Local Rule 7.2(m). That rule "do[es] not permit the moving party to submit *additional* facts in reply." *Emissions Tech., Inc. v. Twin City Fire Ins. Co.*, No. CV10-0393-PHX-NVW, 2010 WL 4579250, at *1 (D. Ariz. Nov. 4, 2010) (emphasis added). Any objections to the non-moving party's responsive statement of facts (and any responses to evidentiary objections asserted by the non-moving party) may be set forth in a separate reply statement of facts, but that

filing *may not introduce new facts or evidence*. *See* LRCiv 56.1(m)(2). "It is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

The Court expects full compliance with the Local Rules. The Court advises, however, "that before filing documents attacking opposing counsel's form and procedure, counsel should consider the substance of the underlying issues and the eventual cost of any proposed filings to their respective clients." *BNSF Ry. Co. v. Coconino Land & Cattle LLC*, No. 07-8068-PCT-PGR, 2010 WL 4929244, at *2 (D. Ariz. Nov. 30, 2010).

**IT IS ORDERED:**

1. Plaintiff's motion for partial summary judgment (Doc. 43) is **denied** without prejudice.
2. Defendant's request for a continuance under Rule 56(f) (Doc. 49 at 15-18) is **granted**.
3. The parties shall file any summary judgment motions by **January 21, 2011**.
4. The motions to strike (Docs. 50, 64, 68) and motion to exceed page limits (Doc. 70) are **denied** as moot.

DATED this 20th day of December, 2010.

David G. Campbell
United States District Judge