**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George H. Larson,<br><br>          Plaintiff,<br><br>v.<br><br>United Natural Foods West Inc., et. al,<br><br>          Defendants. | No. CV-10-00185-PHX-DGC<br><br>ORDER |

Plaintiff George Larson filed an amended complaint in December 2009 asserting two claims against Defendant United Natural Foods West, Inc. ("UNFI"): (1) violation of the Family Medical Leave Act ("FMLA"), and (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the Arizona Civil Rights Act ("ACRA"). Doc. 35. On July 29, 2011, the Court granted summary judgment in favor of UNFI. Doc. 149. UNFI filed a motion for attorneys' fees two days later. Doc. 151. After receiving Plaintiff's Notice of Appeal (Doc. 156), the Court denied the motion for attorneys' fees without prejudice pending resolution of the appeal (Doc. 164). The judgment was affirmed on appeal (Doc. 167), and before the Court is UNFI's renewed motion for attorneys' fees (Doc. 165). The motion is fully briefed. Docs. 165, 166, 168 & 169. For the reasons that follow, the Court will grant the motion in part.[1]

///

---

[1] Plaintiff's request for oral argument is denied. The parties have amply addressed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## I.     Entitlement and Eligibility.

UNFI seeks to recover attorneys' fees under 42 U.S.C. §§ 1988, 2000e-5(k), 12117, and 12205, and A.R.S. § 41-1481(J). Doc. 165. Courts "are permitted to award attorneys fees to prevailing defendants under 42 U.S.C. §§ 1988 and 2000e-5(k), as well as A.R.S. § 41-1481(j), only 'in exceptional circumstances[.]'" *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) (emphasis omitted) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)); *see also Mitchell v. Office of the L.A. Cnty. Superintendent of Sch.*, 805 F.2d 844, 848 (9th Cir. 1986). The same is true under 42 U.S.C. § 12205.[2] *Atwell v. City of Surprise*, No. CV 09-1924 PHX-DGC, 2010 WL 2650049, at *1 (D. Ariz. July 1, 2010). Exceptional circumstances exist where a plaintiff's claims are "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This "stringent" standard, *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), aims to protect defendants from "burdensome litigation having no legal or factual basis," *Christiansburg Garment*, 434 U.S. at 420. In determining whether exceptional circumstances exist, courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Id.* at 421-22.

The Court awarded summary judgment to UNFI on Plaintiff's FMLA and disability discrimination claims because UNFI was not subject to the FMLA and Plaintiff was not a qualified individual under the ADA and the ACRA. *See* Doc. 149. Plaintiff failed to establish even a prima facie case for these claims, and the Court concludes that the claims were entirely lacking in foundation. The Court finds that UNFI, as a prevailing party on completely unfounded claims, is entitled to an award of reasonable attorneys' fees.

///

---

[2] 42 U.S.C. § 12117 provides for the enforcement of 42 U.S.C. § 2000e-4 and does not provide a separate grounds for recovering attorneys' fees.

**II.     Reasonableness of the Requested Award.**

UNFI seeks to recover $131,565. Doc. 166 at 4. Plaintiff contends that the requested award is unreasonable in light of Plaintiff's financial hardship (Doc. 168 at 17), and because UNFI failed to mitigate litigation costs (*id.* at 18-19).

In determining the reasonableness of the requested award, the Court must consider Plaintiff's financial resources. *See Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). Plaintiff submits that he will likely seek bankruptcy protection if UNFI obtains an award of attorneys' fees over $100,000. Doc. 168 at 16. In support of this contention, Plaintiff relies on an affidavit that is almost two years old (Doc. 162-2 at 5 (signed October 15, 2011)), in which he states that he was unemployed for approximately one year from late 2008 to late 2009, and that he eventually found work through a temporary employment agency (*id.* at 4). In the affidavit, Plaintiff states that he previously earned $22 per hour and now earns $15 per hour (*id.*) and, due to the period of unemployment and his reduced salary, that he has exhausted his savings and has incurred debt in the amount of $36,000 (*id.* at 5). As of September 2011, the affidavit states that Plaintiff has paid his counsel almost $40,000 in attorneys' fees and owes another $23,000 in fees and expenses. *Id.* Plaintiff's affidavit simply makes a series of statements about relative ability to pay and it does not provide concrete evidence that Plaintiff's income or asserts are insufficient to pay any attorneys' fees in this case. Without sufficient and timely evidence to support a claim of financial hardship, the Court cannot conclude that Plaintiff's financial position should shield him from an award of fees.

As to Defendant's failure to mitigate, Plaintiff's primary contention is that UNFI should have filed an early motion to dismiss.[3] Doc. 168 at 18. UNFI argues that a motion to dismiss was not warranted because the complaint stated a claim. Doc. 169 at 5. The Court agrees and will not reduce the requested award on this basis.

---

[3] Plaintiff also argues that UNFI failed to mitigate litigation expenses by not attempting to resolve the matter prior to litigation. Doc. 168 at 18. But UNFI claims that it participated in a settlement conference shortly after removal where it made a final offer of $60,000 to Plaintiff. Doc. 166 at 6. In any event, the Court cannot conclude that a defendant's refusal to settle meritless claims constitutes a failure to mitigate.

UNFI's request is supported by the affidavit of attorney Donald Peder Johnsen (Doc. 166-1 at 48-53), and an itemized list of attorney and staff time expenditures (*id.* at 13-47). Mr. Johnsen's declaration explains that he is a shareholder with Gallagher & Kennedy, P.A., that his firm was retained by UNFI in this matter, that he has approximately 23 years of experience practicing exclusively in the area of employment and labor law, and that his billing rate ranged from $450 to $495 per hour during this case. Doc. 166-1 at 49-50. Mr. Johnsen states that the services of other professionals employed by his firm were used and he gives Daniel Seiden, who billed at an hourly rate of $275, as an example. *Id.* at 51.

The Court concludes that the total amount of attorney time spent on this case – 280.1 hours – is reasonable. The Court notes, however, that the requested award of $131,565 consists of the following time expenditures and hourly rates: .5 hours at $90 per hour; .5 hours at $100 per hour; 15.8 hours at $275 per hour; 2.5 hours at $450 per hour; 152.7 hours at $475 per hour; 107.6 hours at $495 per hour; and .4 hours at $525 per hour. In other words, approximately 94% of the time recorded on this case was billed at a rate of $450 or more. The Court finds this to be seriously top-heavy. Although the expertise of senior attorneys is required in many cases, achieving summary judgment on meritless claims does not require that most of the work be done by a partner. The Court recognizes that partner supervision is required, and that partner involvement is necessary in critical events such as key depositions, but the remainder of the work in a case such as this can be done by associates. The Court accordingly concludes that a reasonable fee in this case includes no more than 30% of the time at partner rates. Based on its experience in the Phoenix market, the Court also concludes that $450 is a reasonable partner rate and $275 is a reasonable associate rate. The Court accordingly will award 84.03 hours at $450 per hour and 196.07 hours at $275 per hour, resulting in a total fee award of $91,732.75. Considering all of the other relevant factors, *see* LRCiv 54.2(c)(3)(A)-(M); *Hensely v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds this to be a reasonable fee award in this case.

**IT IS ORDERED** that UNFI's motion for attorneys' fees (Doc. 165) is **granted in part**. UNFI is awarded attorneys' fees of $91,732.75.

Dated this 23rd day of August, 2013.

David G. Campbell
United States District Judge